IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLEN KEITH FREDERICK )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>ANDREW M. SAUL, )<br>)<br>Defendant. ) | Civil Action 20-202 |

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Allen Keith Frederick ("Frederick") brought this action for review of the final decision of the Commissioner of Social Security denying his claim for a period of disability and disability insurance benefits ("DIB"). Frederick contends that he became disabled on December 30, 2016. (R. 11) He was represented by counsel at a hearing before an Administrative Law Judge ("ALJ") during which both he and a vocational expert ("VE") appeared and testified. (R. 10) Ultimately, the ALJ denied benefits. Frederick subsequently filed a Request for Review with the Appeals Council.  The Appeals Council denied the request.  Frederick then filed this appeal. The parties have filed Cross-Motions for Summary Judgment. See ECF Docket Nos. 9, 11[1] and 12.

### Opinion

---

[1] Frederick has filed two Motions for Summary Judgment at ECF Nos. 9 and 11. They appear to be identical and this Court will presume that the second Motion was filed in error given that he has filed only one supporting Brief. Frederick has filed a Reply Brief (ECF No. 14) without leave of Court, contrary to this Court's Order at ECF No. 8. Nevertheless, this Court has considered the contents of the Reply Brief in issuing this decision.

1

1. <u>Standard of Review</u>

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) and 1383(c)(3)(7). Section 405(g) permits a district court to review the transcripts and records on which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. § 706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. *Burns v. Barnhart,* 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler*, 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence.  Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.*  The Commissioner's findings of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979); *Richardson*, 402 U.S. at 390, 91 S. Ct. 1420.

A district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. *Palmer v. Apfel*, 995 F.Supp. 549, 552 (E.D. Pa. 1998); *S.E.C. v. Chenery*

*Corp.*, 332 U.S. 194, 196-7, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." *Brunson v. Astrue*, 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

II. The ALJ's Decision

At step one, the ALJ determined that Frederick had not engaged in substantial gainful activity since the alleged onset. (R. 12) At step two, the ALJ concluded that Frederick has had the following medically determinable impairment(s): degenerative disc disease. In so finding, the ALJ considered Frederick's mental impairments but found that they do not cause more than a minimal limitation in Frederick's ability to perform basic mental work activities. (R. 12-13) At step three, the ALJ found that those impairments, considered singly or in combination, do not meet or medically equal the severity of a listed impairment. (R. 13) The ALJ then determined that Frederick had the residual functional capacity ("RFC") to perform medium work, with certain restrictions. (R. 13-15) At the fourth step, the ALJ concluded that Frederick could not perform his past relevant work as a pipe fitter. (R. 15) The ALJ nevertheless found Frederick capable of performing other work in significant numbers in the national economy and so found him not disabled. (R. 17)

III. Discussion

3

Frederick poses two challenges to the ALJ's findings. Specifically, he contends that the ALJ erred in failing to properly account for his mental impairments in formulating the RFC. He also takes issue with the ALJ's finding that he is able to perform those jobs identified by the ALJ in the national economy. Neither argument is convincing.

A.  Consideration of Mental Impairment in Assessing RFC

At the second step of the analysis, the ALJ determined that although Frederick's depression constitutes a medically determinable impairment, it does not cause more than minimal limitation in his ability to perform basic mental work activities. (R. 13) Consequently, the impairment is "non-severe." (R. 12-13) Frederick urges that in formulating the RFC, the ALJ was obligated to consider his depression, even though it was a non-severe impairment.[2]

I agree that an ALJ must consider all impairments, whether severe or not, in assessing a claimant's RFC. *Kobulnicky v. Astrue*, Civ. No. 11-1349, 2013 WL 1290955, at * 7 (W.D. Pa. March 27, 2013) (stating that, even if substantial evidence supported the ALJ's Step Two finding that a claimant's mental impairments were not severe, the ALJ is "required to analyze what limitations her non-severe impairments cause in constructing his RFC finding."); *see also* 20 C.F.R. § 404.1545(a)(2). "[T]he RFC must consider all functional limitations, including mild limitations from impairments that the ALJ has previously determined to be non-severe." *Zapata-Alvarez v. Colvin*, Civ. No. 14-2830, 2015 WL 5179477, at * 7 (E.D. Pa. Sept. 4, 2015); *Curran v. Astrue*, Civ. No. 11-5894, 2012 WL 5494616, at * 5 (E.D. Pa. Nov. 13, 2012). Although a non-severe impairment alone "may not significantly limit an individual's ability to do basic

---

[2] Frederick does not challenge the ALJ's finding at step two, that his depression was a non-severe impairment.

4

work activities, it may - when considered with limitations or restrictions due to other impairments – be critical to the outcome of the claim." S.S.R. 96-8p. The responsibility for deciding a claimant's RFC rests with the ALJ and is based on the entire record. 20 C.F.R. §§ 404.1545, 404.1546. In making an RFC assessment, the "ALJ must describe how the evidence supports his conclusion and explain why certain limitations are not accepted as consistent with the medical or other evidence." *Noah v. Astrue*, Civ. No. 12-091, 2013 WL 364235, at * 2 (W.D. Pa. Jan. 30, 2013) (citations omitted). Here, the ALJ acknowledged as much. (R. 14) (stating that, "[i]n making this finding, the undersigned has considered *all* symptoms….") (emphasis added).

Further, the assessment of mental impairments done at Step Four is qualitatively different than that done at Step Two. "The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in [the] paragraph[ ] B [criteria] …." *Booker v. Colvin*, Civ. No. 14-4984, 2017 WL 914911, at * 6 (E.D. Pa. March 7, 2017). As stated by the Third Circuit Court: the psychiatric review techniques described in 20 C.F.R. § 404.1520a and 416.920a on the:

> Psychiatric Review Technique Form (PRFT) requires adjudicators to assess an individual's limitations and restrictions from a mental impairment(s) in categories identified in the "paragraph B" and "paragraph C" criteria of the adult mental disorders listings. The adjudicator must remember that the limitations identified in the "paragraph B" and "paragraph C" criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process. The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments, and summarized on the PRFT.

*Ramirez v. Barnhart*, 372 F.3d 546, 551 (3d Cir. 2004), *citing* SSR 96-8p.

5

The question before me then, is whether the ALJ discharged this duty. I find that the ALJ did. The ALJ noted that, in formulating the RFC, she "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence…." (R. 14) Indeed, the ALJ specifically acknowledged that "[t]he state agency psychological consultant found that claimant does not have a severe mental health impairment, and that is consistent with this decision." (R. 15) That finding is supported by substantial evidence of record. There is no opinion of record indicating that Frederick's depression results in any specific functional limitations. Further, Frederick never treated with a mental health specialist. There are no medical records suggesting that Frederick received inpatient or emergent mental health services. Rather, he presented only to his primary care physician and received the same anti-depressant medication throughout treatment. (R. 189, 195, 204, 219-20, 227, 233, 236) It is well-established that the ALJ "need only include in the RFC those limitations which he finds credible." *Garrett v. Comm'r. of Soc. Sec.*, 274 Fed. Appx. 159, 163 (3d Cir. 2008) To the extent that the ALJ omitted from the RFC any restrictions related to Frederick's depression, she did so because she found those limitations were not credible. I find that the ALJ incorporated into the RFC all the limitations that were credibly established, and that substantial evidence supports her findings in this regard.

B.  Transferability of skills to medium jobs

Frederick also alleges that the ALJ erred in failing to discuss the transferability of skills to the medium exertional jobs identified by the VE. Again, I am unconvinced by his argument. Grid Rule 203.15 provides that a person of "advanced age" with a high

6

school graduate degree, who is skilled or semiskilled but whose skills are not transferrable, and who is limited to medium work as a result of severe medically determinable impairments, is "not disabled." The ALJ determined that Frederick was 56 years old at the alleged onset date, which is "advanced age" under the applicable regulations. (R. 16) He has a high school education and is able to communicate in English. (R. 16) Frederick had past relevant work as a sprinkler fitter, but the ALJ found that Frederick was unable to perform that past relevant work. The ALJ determined that "[t]ransferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimants is 'not disabled' whether or not the claimant has transferrable job skills." (R. 16) Consequently, the determination that the transferability of job skills is not material to the determination of disability is supported by substantial evidence of record and is in accordance with the law.

Additionally, the ALJ's ultimate determination that other jobs existed in significant numbers in the national economy that Frederick could perform at his age, and with his education, work experience and RFC is also supported by substantial evidence of record.  Frederick takes issue with the ALJ's identification of the position of "slider"[3] but, even assuming that the ALJ incorrectly identified this position, she did identify the positions of "installer" and "box maker" as well. The position of installer is consistent with Frederick's RFC (including the limitation of occasional stooping), which Frederick does not dispute.   Consequently, I find no basis for remand.

---

[3] It may be that the ALJ intended to reference the "applier" job. (R. 51)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEN KEITH FREDERICK<br>  Plaintiff, | )<br>)<br>) | |
| -vs- | ) | Civil Action No. 20-202 |
| ANDREW M. SAUL, | )<br>)<br>) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge.

## ORDER OF COURT

Therefore, this 19th day of February, 2021, it is hereby ORDERED that the Motion for Summary Judgment (Docket No. 12) is GRANTED and the Motion for Summary Judgment (Docket No. 9, 11) are DENIED. It is further ORDERED that the Clerk of Court mark this case "Closed" forthwith.

BY THE COURT:

_Donetta F. Ambrose_
Donetta W. Ambrose
United States Senior District Judge

8